```
                                              FILED
       UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF TEXAS         OCT 2 0 2011
             SAN ANTONIO DIVISION
                                        CLERK, U.S. DISTRICT COURT
                                        WESTERN DISTRICT OF TEXAS
                                        BY_____ DEPUTY CLERK
```

| | |
|---|---|
| TAICHIN PREYOR, § | |
| TDCJ No. 999494, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL NO. SA-10-CA-857-FB |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

The matters before this Court are petitioner's motion for appointment of counsel, filed August 23, 2011 (docket #19), and (2) the status of this case.

Petitioner's previously retained counsel of record, attorney Brandy Estelle of Beverly Hills, California, has filed a motion requesting this Court appoint her as counsel pursuant to Title 18 U.S.C. § 3599. This Court has determined petitioner is entitled to proceed *in forma pauperis* in this cause. *See* docket entry no. 17. Petitioner has filed as an attachment to his motion for appointment of counsel an affidavit in which he requests appointment of attorney Estelle because petitioner has had bad experiences with attorneys licensed to practice law in Texas and appointed by other Texas courts.

As noted by the Supreme Court in its opinion in *McFarland v. Scott*, 512 U.S. 849, 855-58 (1994), a state prisoner facing a death

sentence has a qualified statutory right to the appointment of counsel in connection with a federal habeas corpus proceeding challenging his criminal conviction and death sentence. At the time of the Supreme Court's opinion in *McFarland*, the statutory right in question was based upon Title 21 U.S.C. Section 848(q)(4)(B). In March, 2006, Congress repealed Title 21 U.S.C. Section 848(q) and simultaneously re-enacted same in substantially similar form as new Title 18 U.S.C. Section 3599. The Court will review petitioner's request for appointment of counsel pursuant to Section 3599.

Section 3599(b) authorizes this Court to appoint counsel before judgment if at least one of the attorneys appointed has been admitted to practice in this Court for not less than five years, during at least three years of which counsel was engaged in the actual trial of felony prosecutions.

Section 3599(c) authorizes this Court to appoint counsel after judgment if at least one of the attorneys appointed has been admitted to practice in the court of appeals for not less than five years, during at least three years of which counsel was engaged in the actual handling of appeals.

Section 3599(d) authorizes this Court to appoint counsel who do not meet the five and three-year qualification requirements set forth above "for good cause" if counsel's "background, knowledge, or experience would otherwise enable him or her to properly

represent" the petitioner "with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation."

Attorney Estelle is not admitted to practice before this Court and does not state she is admitted to practice before any federal appellate court except the United States Supreme Court to which she was admitted to practice on April 23, 2008. *See Exhibit C, attached to Petitioner's Motion for Appointment of Counsel, filed August 23, 2011, docket entry no. 19.* While attorney Estelle states she is currently admitted to practice before the United States District Court for the Central District of California, she does not indicate the date she was admitted to practice before that court or that she has ever undertaken to represent any person in any federal criminal or habeas corpus proceeding in that court. In addition, attorney Estelle does not state she has represented federal criminal defendants in any proceeding, either at the federal trial or federal appellate level. Furthermore, attorney Estelle does not state she has ever represented federal habeas corpus petitioners prior to petitioner herein. Consequently, attorney Estelle does not present facts showing she qualifies for appointment in this cause pursuant to either Section 3599(b) or Section 3599(c).

Moreover, attorney Estelle does not state specific facts showing she has acquired specialized knowledge or experience representing capital defendants in either trial, appellate, or

habeas corpus proceedings prior to her retention by petitioner's family to represent petitioner in this case. Attorney Estelle does not claim to possess any specialized knowledge or experience regarding Texas criminal procedure or Texas substantive criminal law. Attorney Estelle also does not claim she has taken or attended any continuing education courses or to have participated in any other formal training programs or course designed to train attorneys to represent capital defendants, either generally or in the context of federal habeas corpus proceedings. Attorney Estelle does not claim to have otherwise acquired any specialized knowledge concerning either the Eighth Amendment, federal habeas corpus proceedings, or capital litigation generally. This Court notes the federal habeas corpus petition attorney Estelle filed on petitioner's behalf herein (specifically the claims and arguments set forth at pages 26-33 of Petitioner's First Amended Petition for Writ of Habeas Corpus, docket #7) contains claims which appear to disregard or ignore the provisions of Title 28 U.S.C. § 2254(i). Therefore, as presented, this Court concludes attorney Estelle has failed to demonstrate she currently possesses sufficient "background, knowledge, or experience" to enable her to "properly represent" petitioner herein "with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." Petitioner is entitled to counsel who is familiar with the applicable state and federal procedural and

substantive law which will govern the disposition of petitioner's claims. Attorney Estelle has failed to demonstrate she possesses such minimal familiarity.

Petitioner remains free to request appointment by this Court of counsel who does qualify for appointment under Section 3599. Counsel appointed by this Court to represent petitioner Preyor will either be admitted to practice before this Court or an appropriate federal appellate court for the requisite time periods discussed above or possess considerable trial or appellate experience in capital or other complex litigation, at either the state or federal level. Usually, when presented with a motion for appointment of counsel made by an indigent capital habeas petitioner, this Court appoints one of the most experienced members of this Court's criminal bar to represent the petitioner. At present, all of the attorneys likely to be appointed by this Court are admitted to practice before this Court and the courts of the State of Texas. On occasion, this Court has appointed counsel from other states who were not admitted to practice before this Court to represent death row inmates pursuing federal habeas relief but only upon a showing counsel possessed considerable experience or training in capital litigation. Typically, such attorneys have been law professors or legal practitioners who have considerable experience handling capital litigation.

An indigent federal habeas corpus petitioner does not possess a constitutional or statutory right to court-appointed counsel of his choice. See *United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007)("indigent defendants have no right to appointed counsel of their choice"), *cert. denied*, 552 U.S. 1144 (2008). If petitioner wishes this Court to appoint counsel to represent him in this case, petitioner must either be prepared to accept an attorney who is admitted to practice before this Court as his court-appointed counsel or identity an attorney willing to accept appointment in this cause who possesses sufficient background, knowledge, or experience to satisfy the requirements of Section 3599(d).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel, filed August 23, 2011 (docket #19), is DENIED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this _20_ day of October, 2011.

FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE