IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TAICHIN PREYOR, § | |
| § | |
| Petitioner, § | |
| § | |
| - vs. - § | |
| § | Civil No. SA-10-CA-857-FB |
| LORIE DAVIS, Director, Texas Department § | |
| of Criminal Justice, Correctional Institutions § | * DEATH PENALTY CASE * |
| Division, § | |
| § | |
| Respondent. § | |
| § | |

### *TAICHIN PREYOR IS SCHEDULED TO BE EXECUTED ON JULY 27, 2017*

### PETITIONER'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT

Petitioner TaiChin Preyor hereby moves for leave to file his Motion for Relief From Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Rule 60 Motion") in excess of the page limits imposed under Local Rule CV-7(d)(3), and would respectfully show the following:

1.   Attached hereto as Exhibit 1 is Petitioner's Rule 60 Motion, seeking relief from the Court's order and final judgment denying Petitioner's petition for a writ of habeas corpus, Dkt. 21, 22.

2.   Due to the lengthy factual and procedural background and complex legal issues relevant to the Rule 60 Motion, that Motion is 55 pages in length. Because the Motion is longer than the page limit established by Local Rule CV-7(d)(3), Petitioner requests leave of Court to exceed the page limitation.

3. Good cause exists for extending the page limitation. As set out fully in Petitioner's Rule 60 Motion, Petitioner's former attorneys perpetrated an egregious fraudulent scheme that deprived this Court and Petitioner of a full and fair presentation of his claims for federal habeas relief. To demonstrate that equitable relief from the judgment under Rule 60 is warranted, however, Petitioner must present the lengthy factual and procedural background relevant to his attorneys' fraud, in a case that began more than ten years ago. *See, e.g.*, *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (describing the highly fact-specific inquiry required to justify relief under Rule 60(b)(6)). Petitioner must also addresses complex issues of federal habeas law that are relevant to two independent grounds for relief: fraud on the court, as recognized in Rule 60(d)(3), and "extraordinary circumstances" that warrant relief under Rule 60(b)(6). Among other issues, Petitioner must explain why, under still-evolving precedent, Petitioner's Rule 60 Motion is not effectively a "successive" petition subject to 28 U.S.C. § 2244. Finally, to demonstrate that Petitioner's underlying claims for habeas relief have merit, Petitioner must preview his claim of ineffective assistance of trial counsel under *Wiggins v. Smith*, 539 U.S. 510 (2003), including (1) the numerous deficiencies in trial counsel's performance during the sentencing phase of Preyor's case; (2) the results of appointed counsel's extensive—but ongoing—mitigation investigation; and (3) the reasons why state postconviction counsel was ineffective for failing to raise this claim, excusing any procedural default. Thus, given the number and complexity of the issues underlying Petitioners Rule 60 Motion, additional pages are necessary to thoroughly brief the court.

4. Further, the need for thorough briefing is particularly acute in this case, where the Petitioner is facing imminent execution and Petitioner's former attorneys never investigated or presented the facts and grounds for relief that Petitioner's Rule 60 Motion sets out.

5. The length of Petitioner's Rule 60 Motion is not unusual. Courts have freely allowed Rule 60 motions exceeding the standard page limit under similar circumstances. *See, e.g.*, Petitioner's Rule 60(b) Mot. to Reopen Judgment and Inc. Mem. of Law, *Edwards v. Stephens*, 3:10-cv-6-M (N.D. Tex. Jan 10, 2017), ECF No. 83 (sixty-eight page Rule 60 motion in death-penalty case); Mot. for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), *Balentine v. Thaler*, No. 2:03-cv-0039 (N.D. Tex. July 12, 2012), ECF No. 112 (ninety-eight page Rule 60 motion in death-penalty case); Mot. for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), *Buck v. Stephens*, No. 4:04-cv-03965 (S.D. Tex. Jan. 7, 2014), ECF. No. 49 (forty page Rule 60 motion in death-penalty case).

Dated: July 14, 2017 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Catherine E. Stetson*

　　　　　　　　　　　　　　　　　　　　Catherine E. Stetson*
　　　　　　　　　　　　　　　　　　　　Elizabeth C. Lockwood*
　　　　　　　　　　　　　　　　　　　　HOGAN LOVELLS US LLP
　　　　　　　　　　　　　　　　　　　　555 Thirteenth Street NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　　　　　(202) 637-5491
　　　　　　　　　　　　　　　　　　　　cate.stetson@hoganlovells.com

　　　　　　　　　　　　　　　　　　　　Mark E. Olive*
　　　　　　　　　　　　　　　　　　　　320 W. Jefferson Street
　　　　　　　　　　　　　　　　　　　　Tallahassee, FL 32301
　　　　　　　　　　　　　　　　　　　　(850) 224-0004
　　　　　　　　　　　　　　　　　　　　meolive@aol.com

　　　　　　　　　　　　　　　　　　　　Hilary Sheard
　　　　　　　　　　　　　　　　　　　　Texas Bar # 50511187
　　　　　　　　　　　　　　　　　　　　7421 Burnet Road, #300-512
　　　　　　　　　　　　　　　　　　　　Austin, TX 78757
　　　　　　　　　　　　　　　　　　　　(512) 524-1371
　　　　　　　　　　　　　　　　　　　　HilarySheard@Hotmail.com

　　　　　　　　　　　　　　　　　　　　*\* Admitted pro hac vice*
　　　　　　　　　　　　　　　　　　　　*Counsel for Petitioner TaiChin Preyor*

**CERTIFICATE OF CONFERENCE**

I certify that on July 14, 2017, counsel for Petitioner TaiChin Preyor conferred with Erich Dryden of the Office of the Texas Attorney General, to inquire about Respondent's opposition to this motion. He responded that the Respondent is opposed to the motion to exceed the page limitation.

                                                        */s/ Catherine E. Stetson*
                                                        Catherine E. Stetson

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2017, I electronically filed the foregoing the foregoing document using the ECF system which will send notification of such filing to counsel of record.

                                                        */s/ Catherine E. Stetson*
                                                        Catherine E. Stetson