IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TAICHIN PREYOR,<br>        Petitioner,<br><br>v.<br><br>LORIE DAVIS,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions Division,<br>        Respondent. | No. 5:10-CV-00857-FB<br>*CAPITAL CASE* |

**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION
FOR RELIEF FROM JUDGMENT[1]**

Petitioner Taichin Preyor was properly convicted and sentenced to death in Texas state court for the murder of Jami Tackett. His state and federal habeas proceedings have concluded, and he is scheduled to be executed after 6:00 p.m. on Thursday, July 27, 2017. Now, more than five years after this Court denied Preyor federal habeas relief, Preyor asks this Court to reopen his federal habeas proceeding, pursuant to Federal Rule of Civil Procedure 60(b). Docket Entry (DE) 73-2. Specifically, Preyor argues that this proceeding should be reopened under Rule 60(b)(3) because his former habeas counsel perpetrated a fraud on the court. Preyor contends that his former counsel,

---

[1] Preyor's Rule 60(b) motion has technically not been filed because it is attached to a motion to exceed the page limit, which this Court has not yet granted. However, given that Preyor's execution is scheduled just over a week from now, the Director submits this response to prevent any further delay.

Brandy Estelle, was working with Philip Jefferson—a former attorney who was disbarred in 1989—on Preyor's case. In a nutshell, Preyor claims that Jefferson was actually running the show; he solicited Preyor's mother, advised her what to do, and dictated pleadings to Estelle, among other things. Thus, he alleges that Estelle's representation was merely window dressing, and Jefferson was in charge. However, neither Jefferson nor Estelle ever told Preyor's family or this Court that Jefferson had been disbarred. As a result, Preyor claims counsel's behavior resulted in a fraud on the Court. DE 73-2 at 1–31.

Regardless of the manner in which Preyor frames this issue, he is using alleged fraud as a means to reopen his federal proceedings so that he can litigate a new claim that trial counsel was ineffective (IATC) for failing to investigate and present mitigating evidence. This is evidenced by the fact that Preyor's motion includes twenty-three pages of briefing on the new IATC claim accompanied by multiple exhibits. Because Preyor is attempting to advance a new claim, his Rule 60(b) motion is actually a successive petition and must be treated as such. Moreover, Preyor has not satisfied the Rule 60(b) standard because he has not demonstrated a fraud on the Court, and his motion is not timely. Finally, the IATC claim is time barred and procedurally defaulted.

# ARGUMENT

## I. Preyor's Motion Is a Successive Petition.

For federal habeas corpus purposes, a filing that seeks an adjudication of the merits of a constitutional claim is a habeas corpus application. *See Gonzales v. Crosby*, 545 U.S. 524, 530 (2005) (citing 28 U.S.C. § 2244(b); *Woodford v. Garceau*, 538 U.S. 202, 207 (2003)). In *Gonzales*, the Supreme Court held that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction—*even claims couched in the language of a true Rule 60(b) motion*—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." 545 U.S. at 531 (emphasis added). Thus,

> [a] federal court examining a Rule 60(b) motion should determine whether it either: (1) presents a new habeas *claim* (an "asserted federal basis for relief from a state court's judgment of conviction"), or (2) "attacks the federal court's previous resolution of a claim *on the merits* . . ." If the Rule 60(b) motion does either, then it should be treated as a second-or-successive habeas petition and subjected to AEDPA's limitation on such petitions.

*In re Edwards*, 676 F. App'x 298, 303 (5th Cir.) (emphases in original) (quoting *Gonzales*, 545 U.S. at 530, 532), *cert. denied*, 137 S. Ct. 909 (2017); *In re Jasper*, 559 F. App'x 366, 371 (5th Cir. 2014) (same); *see also Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010); *Franqui v. Florida*, 638 F.3d 1368, 1371 (11th Cir. 2011) (holding Rule 60(b) "cannot be used by habeas petitioners to raise new claims for habeas relief: this use would circumvent the AEDPA

requirement that a petitioner obtain the approval of the appropriate court of appeals before filing a second or successive habeas petition").

Further, the *Gonzales* Court utilizes a basic test: "In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify [as successive]." 545 U.S. at 532. This is precisely what Preyor is attempting to do, as shown by his substantial briefing of the new IATC claim. DE 73-2 at 32–55 & Exhibits 1-1–1-5, 2–3, 22–27. It is irrelevant that Preyor's motion is couched in terms of "fraud." The inclusion of the new claim renders his motion a successive petition, and Preyor has not received authorization from the Fifth Circuit to file a successive petition. 28 U.S.C. § 2244(b)(3)(A). The motion should, therefore, be dismissed as successive or transferred to the Fifth Circuit for review under § 2244(b)(3).

## II.   Preyor Has Not Demonstrated a Fraud on the Court.

In order for Preyor to establish fraud under Rule 60(b), he must show by clear and convincing evidence fraud or other misconduct and that this misconduct prevented him from fully and fairly presenting his case. *Williams*, 602 F.3d at 311; *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006). Fraud on the court is "where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the

4

court have been directly corrupted." *Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir. 1996). And Preyor's burden is extraordinarily high:

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (quoting *Weese*, 98 F.3d at 552–53); *see also True v. C.I.R.*, 1993 WL 272478, *2–*3 (6th Cir. 1993) (fraud "generally involves a deliberately planned and carefully executed scheme designed to subvert the integrity of the judicial process") (citing *Hazel-Atlas Glass Co., v. Hartford Empire Co.*, 322 U.S. 238, 245 (1944)); *First Nat. Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996) (to establish fraud, "'it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'") (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

The purported fraud here is that Jefferson actually managed Preyor's case, Estelle did not disclose "her disbarred co-counsel's lead role in this case to the Court," and that Estelle sought compensation from the courts after being paid by Preyor's family without ever paying Preyor's family back. *See* DE 73-2 at 2. But, tellingly, Preyor states that the "result of Estelle and Jefferson's fraudulent scheme was disastrous for Preyor" because the pleadings submitted

5

were "utterly deficient" and "abysmal." *Id.* at 3. He further says: "Perhaps the greatest detriment to Preyor's case, however, was Estelle and Jefferson's failure to investigate the sentencing phase of Preyor's trial and identify a compelling claim of ineffective assistance of trial counsel under *Wiggins v. Smith*, 539 U.S. 510 (2003)." *Id.* Regardless of how seriously Preyor frames this issue, beneath it all is an attack on habeas counsel's omissions, which "'do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably.'" *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting *Gonzales*, 545 U.S. at 532 n.5).

Additionally, Preyor never actually identifies a true fraud *on the Court itself*. In his lengthy recitation of Jefferson's and Estelle's supposed egregious conduct—premised solely on affidavits from Preyor's family members—the closest he comes to any deception on the Court is claiming that Estelle did not inform the Court of Jefferson's role. Of course, this assumes that everything he is stating about Jefferson's role is true. But even then, he never identifies what effect this actually had on the habeas proceeding itself. Jefferson's name is not on any court documents or pleadings, he apparently did not meet with Preyor, and other than the statements by Preyor's mother, there is nothing to suggest he was drafting or dictating pleadings. Moreover, he was not precluded from assisting Estelle even if he was disbarred. The fraud Preyor is

6

actually alleging is how Jefferson supposedly represented himself to Preyor's family, which has nothing to do with the integrity of this Court.

Preyor claims that had the Court known about the above facts, he would have been appointed new counsel, received better representation, and the new IATC claim would have been raised. But his argument is circular—it always returns to the effectiveness of his habeas counsel, which is not proper grounds for reopening these proceedings. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Berryhill v. Evans*, 466 F.3d 934, 937 (10th Cir. 2006) (rejecting claim brought under Rule 60(b) that "seek[s] to assert or reassert habeas claims . . . or are inextricably intertwined with a claim of fraud").

The bottom line is that this is not a case where the impartial functions of the court have been corrupted, *Weese,* 98 F.3d at 553, because Preyor never identifies how the alleged fraud impacted his proceedings, except to complain about counsel's performance. Moreover, this Court previously expressed its misgivings regarding Estelle's qualifications when it denied her motion for appointment of counsel. DE 20. That Preyor has now dug up more "dirt" on Estelle should come as no surprise, particularly to the Court.

Yet, despite the Court's denial and assertion that Preyor was free to request new counsel, Preyor not only chose to stay with Estelle but in fact

expressed his approval of her representation in a declaration attached to the motion for appointment of counsel. DE 19-1 (Preyor stating that Estelle had communicated with him, had discussed the facts and law with him, and he felt "confident" that Estelle "will continue to properly represent your declarant and ensure that the outcome of this federal proceeding will be fair and just."). In this regard, his claim is somewhat disingenuous: if the Court's pointed criticisms of Estelle's qualifications were insufficient to dissuade Preyor from remaining with Estelle, it is unlikely that full knowledge of Jefferson's role and circumstances would have changed his mind. This is particularly true because it appears Preyor only had contact with Estelle and no communication with Jefferson. Indeed, Preyor does not mention Jefferson in this declaration or in his pro se letters to the Court. DE 31 & 33.

Preyor claims that the result of Estelle's and Jefferson's "fraud" is that he was essentially abandoned by them. Citing *Maples v. Thomas*[2] and *Holland v. Florida*[3]—cases that pertain to equitable tolling of the AEDPA limitations period—Preyor argues that he cannot be charged with the acts or omissions by his counsel. DE 73-2 at 26. The Fifth Circuit has rejected this argument in the Rule 60(b) context, highlighting that *Maples* does not establish that

---

[2]    565 U.S. 266 (2012).

[3]    560 U.S. 631 (2010).

8

abandonment by counsel in habeas proceedings is a defect in the integrity of those proceedings because (1) *Maples* was not a Rule 60(b) case, (2) the petitioner there had not concluded federal proceedings, and (3) the attorney missed a filing deadline. *Edwards*, 676 F. App'x at 305 (citing *Maples*, 565 U.S. at 916–17. Therefore, the Fifth Circuit has refused to apply equitable tolling standards to extraordinary relief under Rule 60(b). *Id.*

As a final and related matter, despite the perceived deficiencies of Estelle's representation, she never abandoned Preyor. She continued to submit pleadings and briefs to the Fifth Circuit and Supreme Court until Preyor's habeas proceedings were concluded. Moreover, it does not appear she missed any deadlines. Preyor may not be pleased with the outcome or might wish that different claims had been raised,[4] but that does not warrant extraordinary relief. And Jefferson's role in the case, whatever that may have

---

[4] Another flaw with Preyor's argument is that Estelle could not have raised the new IATC claim anyway. Preyor never presented a claim in state court that counsel was ineffective for failing to present mitigating evidence; thus, the claim is not exhausted. Moreover, *Martinez v. Ryan*, 566 U.S. 1 (2012), which allows a petitioner to plead ineffective assistance of habeas counsel as cause to excuse a procedurally defaulted IATC claim, and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), which applied the *Martinez* rule to Texas cases, had not been decided when Estelle filed Preyor's petition. *Martinez* was decided only three months before this Court denied Preyor's petition, and *Trevino* was decided a year later. And even if *Martinez* and *Trevino* had played a role, the Fifth Circuit has held that "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment." *Adams v. Thaler,* 679 F.3d 312, 219 (5th Cir. 2012).

9

been, had nothing to do with the judicial functions of the Court. Accordingly, Preyor's motion must be denied.

## III. Preyor's Motion Is Untimely

A motion made pursuant to Rule 60(b) and purporting to be grounded in fraud must be filed "no more than a year after the entry of judgment[.]" Fed. R. Civ. P. 60(c). "This time is jurisdictional and cannot be extended." *Arrieta v. Battataglia*, 461 F.3d 861 (7th Cir. 2006) (citations omitted). To the extent this motion can be characterized as asserting "any other reason that justifies relief," it must have been "made within a reasonable time." Fed. R. Civ. P. 60(c). In the latter circumstance, timeliness is measured as of the point in time when the moving party has grounds to make a Rule 60(b) motion. *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017).

Preyor has not filed the instant motion within a year from the entry of judgment. To the extent the "reasonable" time period applies, the motion is still untimely. Preyor's mother states that she learned that Jefferson was disbarred in "early 2015." DE 73-8 at 10–11. She acquired this information from Richard Ellis, an attorney who specializes in habeas corpus and capital litigation and has represented capital petitioners in Texas. Mr. Ellis previously spoke with his colleague Hilary Sheard, one of Preyor's current attorneys, about Preyor's case. DE 73-20. And a copy of the California State Bar findings of fact explaining why Jefferson would be disbarred has a

10

certificate date of May 26, 2015. DE 73-17. Therefore, Preyor apparently received this document over two years ago. Despite the above information, Preyor waited less than two weeks before his execution to present this matter to the Court. *See Tamayo v. Stephens,* 740 F.3d 986, 991 (5th Cir. 2014) (holding Rule 60(b) motion filed nearly eight months after relevant Supreme Court decision, and two days before scheduled execution, was not filed within a reasonable time); *Pruett v. Stephens,* 608 F. App'x 182, 186–87 (5th Cir. 2015) (holding Rule 60(b) motion filed more than fourteen months after relevant evidence obtained was not filed within a reasonable time); *In re Paredes,* 587 F. App'x 805, 825 (5th Cir. 2014) (holding Rule 60(b) motion filed seventeen months after relevant Supreme Court decision was not filed within a reasonable time); *Trottie v. Stephens,* 581 F. App'x 436, 438 (5th Cir. 2014) (holding Rule 60(b) motion filed almost three years after the district court denied federal habeas relief was not filed within a reasonable time). Preyor's complaints about restrictions on investigative resources and that evidentiary support for the claim did not exist until recently are, therefore, unavailing.

### IV. Preyor's New IATC Claim Would Be Time Barred and Procedurally Defaulted.

Preyor's new IATC claim is undoubtedly successive, and he has not received permission from the Fifth Circuit to present the claim to this Court. In addition, the claim is time barred. Given the date Preyor's conviction

became final—April 22, 2008—and tolling for the period that state collateral proceedings are pending—Preyor filed three state habeas applications, the last dismissed on November 9, 2011, *see* 28 U.S.C. § 2244(d)(2)—the limitations period expired in September of 2012. Thus, any new federal petition would be time barred by nearly five years.

Moreover, as stated above, Preyor never raised an IATC claim in state court premised on trial counsel's failure to investigate and present mitigating evidence. Therefore, based on the settled rules pertaining to exhaustion, Preyor would be faced with a procedural default of this claim. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009). For these additional reasons, Preyor's underlying IATC claim is unreviewable.

## CONCLUSION

For the above reasons, the Director respectfully requests that this Court dismiss the instant motion as successive or transfer it to the Fifth Circuit so that Preyor can seek authorization to file a successive petition. Alternatively, the Director respectfully requests that the Rule 60(b) motion be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General for
Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division


 /s/ Erich Dryden
\*ERICH DRYDEN
\*Attorney-in-Charge    Assistant Attorney General
State Bar No. 24008786

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1400
(512) 320-8132 (Fax)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing Respondent's Opposition to Petitioner's Motion for Relief from Judgment has been served electronically to Hilary Sheard, Catherine Stetson, and Mark Olive, counsel for Petitioner, on this the 18th day of July, 2017.


/s/ Erich Dryden
ERICH DRYDEN
Assistant Attorney General