**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TAICHIN PREYOR,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CIVIL NO. SA-10-CA-857-FB** |
| **VS.** | § | |
| | § | *** DEATH PENALTY CASE *** |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR STAY OF EXECUTION**

Before the Court are petitioner TaiChin Preyor's Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure (Docket Entry "DE" 78), respondent's opposition to the motion (DE 76), and petitioner's reply (DE 80) thereto. Also before the Court are petitioner's corresponding Motion for Stay of Execution (DE 75), respondent's opposition (DE 79), and petitioner's reply (DE 81) thereto.

After carefully considering the pleadings and relief sought by petitioner, the Court has concluded petitioner's Rule 60 motion should be construed as a successive § 2254 habeas petition over which this Court lacks jurisdiction. Alternatively, petitioner has not shown a fraud on the Court that would justify relief under Rule 60(d)(3) nor demonstrated the timeliness and extraordinary circumstances necessary for relief under Rule 60(b)(6). With regard to petitioner's motion for stay of execution, the Court is without jurisdiction to grant such a request. Even assuming the Court had jurisdiction, however, petitioner has not demonstrated he is entitled to a stay. Both of petitioner's motions will therefore be dismissed for lack of jurisdiction and denied in the alternative.

## I. Background

Petitioner is a death-row inmate who is currently scheduled for execution on July 27, 2017. Petitioner previously and unsuccessfully sought both state and federal habeas corpus relief, culminating in the Supreme Court's denial of his petition for certiorari review in June 2014. *Preyor v. Stephens*, 134 S. Ct. 2821 (2014). During the entirety of petitioner's federal proceedings, he was represented by Brandy Estelle, a private attorney whom he had retained to represent him in his habeas proceedings. Following the denial of certiorari review, Ms. Estelle was granted leave to withdraw as counsel for petitioner by the Fifth Circuit Court of Appeals in February 2015. *Preyor v. Stephens*, No. 12-70024 (5th Cir. Feb. 12, 2015). A month later, petitioner's current counsel of record, Hilary Sheard, sought and was granted appointment by this Court for the purpose of pursuing clemency relief on petitioner's behalf. (DE 34, 35).

In April 2016, after having conducted a substantial amount of work on petitioner's behalf in the year since she had been appointed, Ms. Sheard submitted to this Court a proposed budget intended to cover her past expenses as well as any future expenses connected with the preparation of a clemency petition or "any other anticipated filing to be made on petitioner's behalf." (DE 39, 40). This budget indicated a desire to continue exploring two main issues: (1) trial counsel's ineffectiveness for failing to present mitigating evidence, and (2) potential procedural defects in the federal habeas proceedings caused by his former counsel of record. In May 2017, Ms. Sheard was given final approval for her budget by the Fifth Circuit Court of Appeals and the assistance of two more attorneys to aid in her representation of petitioner. (DE 57, 58).

With less than two weeks before his scheduled execution date, petitioner filed the instant motion for relief from judgment (DE 78) and accompanying motion for stay of execution (DE

75). Petitioner contends that his execution should be stayed and his federal habeas proceedings reopened under either Rule 60(d)(3) or Rule 60(b)(6) of the Federal Rules of Civil Procedure because his former habeas counsel, Brandy Estelle, perpetrated a fraud upon the Court. Specifically, petitioner contends Ms. Estelle was actively aided in her representation of petitioner by Philip Jefferson, a former California attorney disbarred in 1990. According to petitioner, Mr. Jefferson was responsible for obtaining petitioner as a client by soliciting his mother with promises of obtaining her son's release. It was also Philip Jefferson who orchestrated almost every part of his defense, with Ms. Estelle essentially a puppet for the disbarred attorney who actually ran the show. Petitioner asserts Ms. Estelle hid Philip Jefferson's involvement from the Court, and neither Philip Jefferson nor Brandy Estelle disclosed to petitioner's family that Philip Jefferson had been disbarred. As a result, petitioner claims Ms. Estelle's behavior constituted a fraud on the Court that demands restoration to the position he was in before Mr. Jefferson and Ms. Estelle brought federal habeas proceedings on his behalf.

## II. Successive Petition

A district court has jurisdiction to consider a Rule 60 motion in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A motion that seeks to add a new ground for relief or attack the previous resolution of a claim on the merits is, in fact, a successive petition subject to the standards of 28 U.S.C. § 2244(b). *Id.* at 531-32. By contrast, a motion that shows "a non-merits-based defect in the district court's earlier decision on the federal habeas petition" falls within the jurisdiction of the district court to consider. *Balentine v. Thaler*, 626 F.3d 842, 847

(5th Cir. 2010). Thus, if the Rule 60 motion only attacks a "defect in the integrity" of the petitioner's federal habeas proceedings and does not seek to advance any new substantive claims, the motion shall not be treated as a second-or-successive petition. *Gonzalez*, 545 U.S. at 532.

Petitioner argues his request for Rule 60 relief is not a successive habeas petition because it is solely an attack on a defect in his prior habeas proceedings—namely, Brandy Estelle's allegedly fraudulent representation. But even a cursory examination of his motion demonstrates this is not so. Petitioner spends 23 out of 57 total pages briefing several ineffective-assistance-of-trial-counsel (IATC) claims under *Wiggins v. Smith*[1] that he believes Ms. Estelle should have raised during his original habeas proceedings. Petitioner also announces his intention to raise these claims once he is "restored" to the position he was in before Ms. Estelle initiated federal habeas proceedings on his behalf. It thus appears petitioner is using his fraud allegation as a means to re-open the proceedings for the ultimate purpose of raising and litigating his new IATC claims. That is the very definition of a successive petition. *See In re Edwards,* 676 F. App'x 298, 303-04 (5th Cir. 2017) (finding attempt to bring new claims under the guise of "defects in the integrity of the original habeas proceedings" to be successive).

Because the fraud allegations concerning his original habeas counsel are simply an attempt to circumvent § 2244, petitioner's motion must be dismissed as successive under § 2244. *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (holding that arguments about habeas counsel's failure to discover and present particular arguments sounded in substance and were not procedural defects bearing on the integrity of the proceedings). Petitioner has not obtained leave from the Fifth Circuit Court of Appeals to file a successive habeas petition as dictated by § 2244(b)(3)(A). Therefore, this Court lacks jurisdiction to consider the motion. *United States*

[1] 539 U.S. 510 (2003).

*v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (§ 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the appellate court has granted petitioner permission to file one).

## III. Alternative Analysis

### A. Fraud on the Court Under Rule 60(d)(3).

Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court" without the strict time limitations imposed on claims of fraud under Rule 60(b)(3). As a consequence, the standard for establishing fraud under Rule 60(d)(3) is a demanding one. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Jackson v. Thaler,* 348 F. App'x 29, 34 (5th Cir. 2009) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Fraud on the court is a "narrow concept" and "should embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d. 869, 872 (5th Cir. 1989).

Petitioner makes no allegations that fit within the "narrow concept" of fraud on the court. There has been no showing of any attempt to defile the court, much less egregious misconduct that rises to the level of bribery or fabrication of evidence. Instead, the gist of petitioner's fraud allegation is that his retained habeas counsel (Brandy Estelle)—who competently represented petitioner throughout his federal habeas proceedings—intentionally misrepresented to the Court that she was petitioner's sole and lead attorney when in fact it was her disbarred co-counsel (Philip Jefferson) who did the majority of the work.[2] Even assuming for the moment the truth of

[2] Petitioner also asserts that Ms. Estelle defrauded the courts by seeking compensation from the Fifth Circuit for work that had already been paid for by petitioner's family. Billing records provided by petitioner under seal, however, indicate that Ms. Estelle advised the Fifth Circuit of such payments. (DE 85).

petitioner's allegation, it does not establish that counsel hatched "an unconscionable plan or scheme . . . designed to improperly influence the court in its decision." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citation omitted). Nor did counsel's alleged omission preclude the court from performing "in the usual manner," as the procedural history from this Court and the superior courts of appeal will attest. *Wilson*, 873 F.2d. at 872. As a result, petitioner's allegations fail to rise to the level of "the most egregious misconduct" necessary to implicate Rule 60(d)(3).

**B. Timeliness and Extraordinary Circumstances Under Rule 60(b)(6).**

Petitioner argues in the alternative that the allegedly fraudulent representation of his former attorneys constitutes an extraordinary circumstance under Rule 60(b)(6) requiring the reopening of his habeas proceedings. Pursuant to Rule 60(b)(6), a court may reopen a final judgment when a party shows "any other reason that justifies relief." To succeed on a Rule 60(b) motion, a movant must show: (1) that the motion was made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of a final judgment. *Gonzales*, 545 U.S. at 535. Petitioner does neither.

**1) Petitioner's Motion is Untimely.**

Under Rule 60(c)(1), any "motion under Rule 60(b) must be made within a reasonable time," unless good cause can be shown for the delay. *In re Osborne,* 379 F.3d 277, 283 (5th Cir. 2004). The timeliness of such a motion is measured "as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment." *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017) (citing *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992)). Any argument

that "good cause" should justify a delay must be "evaluated on a case-by-case basis." *Osborne,* 379 F.3d 277 at 283.

Petitioner asserts that his motion is timely because the crux of Ms. Estelle and Mr. Jefferson's misconduct—that Philip Jefferson was actually representing petitioner despite being disbarred since 1990—were not fully known until current counsel, Hilary Sheard, conducted her investigation. But petitioner's mother, Margaret Mendez, who was keenly aware of Mr. Jefferson's involvement, learned of his disbarment in early 2015. Indeed, the fact that Philip Jefferson had been disbarred was discovered by a simple search over the internet while Ms. Mendez spoke with a colleague of Hillary Sheard on the phone. *See* DE 78-6 (affidavit of Margaret Mendez); 78-18 (affidavit of attorney Richard Ellis). Thus, any error in the integrity of the proceedings caused by Philip Jefferson's involvement presumably could have been discovered just as easily by Ms. Sheard almost immediately upon her appointment in March 2015 (DE 35).

Even assuming that petitioner could not have discovered the basis for a Rule 60 motion until Ms. Sheard had conducted an investigation, the instant motion would still be untimely. In April 2016, after having conducted a substantial amount of work on petitioner's behalf in the year since she had been appointed, Ms. Sheard indicated she had researched a potential Rule 60 motion concerning habeas counsels' alleged misconduct when she submitted to this Court a proposed budget intended to cover her past and future expenses. Over a year later, final approval for the budget was obtained from the Fifth Circuit, and petitioner was appointed two more well-qualified attorneys to assist Ms. Sheard. Despite the substantial amount of time, money, and professional assistance that have been devoted to assisting petitioner, however, he still waited until less than two weeks remained before his execution date to file a motion under Rule 60.

Based on this dilatory behavior, petitioner fails to meet the "timeliness" requirement under Rule 60(b).

**2) Petitioner Has Not Demonstrated Extraordinary Circumstances.**

While considered a "grand reservoir of equitable power to do justice," Rule 60(b)(6) relief is available only if "extraordinary circumstances" are present. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)); *Rocha v. Thaler*, 619 F.3d. 387, 400 (5th Cir. 2010). In determining whether extraordinary circumstances are present, a court may consider a wide range of factors, including "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (citing *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863-864 (1988)). However, the Supreme Court has stated that "[s]uch circumstances will rarely occur in the habeas context." *Gonzales*, 545 U.S. at 535. And indeed, such circumstances do not exist in this case.

To establish extraordinary circumstances, petitioner contends Brandy Estelle and Philip Jefferson fraudulently presented themselves as highly-accomplished, "hot-shot" attorneys who could easily get him off of death row. Relying almost exclusively on the affidavits of his mother and uncle, petitioner argues that Ms. Estelle and Mr. Jefferson fraudulently obtained his consent to represent him, which ultimately resulted in a disbarred attorney (Philip Jefferson) orchestrating his entire defense as lead counsel. But other than these attestations, there is little in the record to support petitioner's allegation that *his* consent, and not the consent of his mother, was fraudulently obtained. In fact, following the filing of his allegedly "abysmal" petition, petitioner not only chose to stay with Ms. Estelle, but expressed his appreciation and confidence

in Ms. Estelle when requesting that she be appointed to represent him throughout the remainder of his federal proceedings. (DE 19-1).

Similarly, other than the affidavits provided by petitioner's mother and uncle, there is little, if any, evidence that Mr. Jefferson was orchestrating the entire defense as lead counsel. Brandy Estelle was the only attorney listed on any docket sheet, was the only attorney to sign pleadings on behalf of petitioner, and was the only attorney who sought court appointment to represent him. In contrast, Mr. Jefferson's name does not appear on a single court document or pleading, including in petitioner's *pro se* letters to the Court or his endorsement of Ms. Estelle in the motion for appointment of counsel. (DE 19, 31, 33). Thus, petitioner's assertions that Brandy Estelle and Philip Jefferson fraudulently obtained his consent to represent him and that Ms. Estelle was simply a "beard" for a disbarred attorney are, at best, misleading.

Citing *Maples v. Thomas*[3] and *Holland v. Florida*,[4] petitioner next argues that he cannot be held responsible "for the grossly negligent acts and omissions of his former attorneys" because they essentially abandoned him by depriving him of any valid agency relationship. As both of these cases pertain to equitable tolling of AEDPA limitations period, petitioner is essentially asking the Court to equate the standards for equitable tolling with the "extraordinary circumstances" standard for Rule 60(b) relief without providing any authority to do so. But the Fifth Circuit Court of Appeals has already rejected this argument, finding that *Maples* did not establish that abandonment constitutes a defect in the integrity of the proceedings for Rule 60(b) purpose. *In re Edwards*, 676 F. App'x at 305. Moreover, unlike *Holland*, this is not a case where counsel who was specifically retained to pursue federal habeas relief completely

[3] 565 U.S. 266 (2012).

[4] 560 U.S. 631 (2010).

abandoned his client in that pursuit. To the contrary, Ms. Estelle filed multiple pleadings at every stage of the federal habeas process, missing no deadlines, until the proceedings concluded with the Supreme Court's denial of certiorari.

Consequently, petitioner fails to establish any risk of "injustice to the parties" or of "undermining the public's confidence in the judicial process," much less that "extraordinary circumstances" exist to grant Rule 60(b) relief. *Buck*, 137 S. Ct. at 777-78. Although petitioner may, in hindsight, take issue with Ms. Estelle's representation, it does not mean counsel's representation should be deemed fraudulent or extraordinary. Rather, such attacks on counsel's omissions "do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably." *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014). Petitioner's motion under Rule 60(b) is therefore denied in the alternative.

## IV. Motion to Stay

On June 27, 2017, petitioner filed a motion for stay of execution (DE 67) asking this Court to stay his execution date to allow his current counsel more time to complete their ongoing investigation pursuant to his right to meaningful representation under 18 U.S.C. § 3599. This Court denied a stay a little over a week later (DE 72) based on the fact that the Court lacked jurisdiction under 28 U.S.C. § 2251(a)(1) to enter such a stay, and, even if it had jurisdiction to enter a stay, equitable concerns did not warrant one. Now, concurrently with his request for Rule 60 relief, petitioner is again asking this Court to stay his execution date to allow counsel more time to complete their investigation into new IATC claims. (DE 75). For the same reasons discussed in this Court's prior order, however, his request is denied.

**A. Jurisdiction.**

Pursuant to 28 U.S.C. § 2251(a)(1), any federal judge "before whom a habeas corpus proceeding is pending" has the authority to stay "any proceedings against the person detained." *Williams v. Cain*, 143 F.3d 949, 950 (5th Cir. 1998). The Supreme Court extended a federal court's authority to enter a stay under § 2251 "where necessary" to effectuate a defendant's right to counsel under 18 U.S.C. § 3599. *McFarland v. Scott*, 512 U.S. 849, 858 (1994). However, the "*McFarland* rule" is only concerned with effectuating a petitioner's right to file a petition for habeas relief in the district court *in the first instance*. *Williams v. Cain* 143 F.3d at 950. If there is no pending or potential habeas petition before the district court, there is no dispute that the court lacks jurisdiction to enter a stay of execution. *See Rosales v. Quarterman*, 565 F.3d 308, 311 (5th Cir. 2009) (finding *McFarland* does not grant federal courts any "greater authority to stay an execution than is found in the statutory language of § 2251(a)(1).").

Aside from his original federal habeas petition, petitioner has not filed an application for habeas corpus relief in this Court, nor has he requested permission from the Fifth Circuit Court of Appeals to do so as required by 28 U.S.C. § 2244(b)(3). Although his current Rule 60 motion requests the opportunity to file new IATC claims with the Court at some undisclosed time in the future, "a habeas corpus proceeding is not pending until the application is filed." 28 U.S.C. § 2251(a)(2). Because there is no pending or potential habeas petition before the Court, the Court lacks jurisdiction to grant a stay in this case under § 2251(a)(1). *Rosales*, 565 F.3d at 311; *see also Williams*, 143 F.3d at 950 (holding that when the habeas petition has been ruled on, the appellate mandate has issued, and the case is no longer before the court in any fashion, "the only reasonable analysis is that the habeas petition is no longer pending before the district court."); *Teague v. Johnson*, 151 F.3d 291 (5th Cir. 1998) (same).

**B. Alternative Analysis.**

Even if the Court were to find that it had jurisdiction, it again denies petitioner's request to stay the execution based on the discretion inherent in § 2251(a)(1). *Nken v. Holder*, 556 U.S. 418, 434 (2009). In deciding whether to issue a stay of execution, a court must consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other party interested in the proceeding; and (4) where the public interest lies. *Id*. at 425-26. A petitioner is not entitled to a stay "[as] a matter of right, even if irreparable injury might otherwise result to the appellant." *Id*. at 427 (internal quotation marks omitted).

The Court concludes that a stay of execution is not warranted for at least three reasons. First, petitioner fails to show a likelihood of success on the merits. Petitioner's motion for a stay of execution depends on the availability of Rule 60 relief in his case. *Diaz v. Stephens*, 731 F.3d 370, 379 (5th Cir. 2013). Because this Court has rejected petitioner's Rule 60 motion, he cannot demonstrate a likelihood of success that would justify a stay of execution. *Id.* Second, as discussed in this Court's previous order denying a stay (DE 72), the issuance of the stay would impose a substantial injury to another party interested in this proceeding—the victim's family members. These family members have already had to endure a lengthy appellate process and delays in the scheduling of the execution, and have a substantial interest in obtaining some closure to this case. (DE 70 at Exhibit A).

Third, granting a stay is not in the public interest, as it would inhibit the State's ability to carry out an otherwise valid sentence and impair the finality of state criminal judgments. *Hill v. McDonough*, 547 U.S. 573, 584 (2006) (stating that a stay of execution "is not available as a

matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts"). To that end, petitioner "delayed too long before bringing [his Rule 60] claim before the court." *In re Paredes*, 587 F. App'x 805, 826 (5th Cir. 2014). Petitioner, who has been represented by appointed counsel since March 2015, has been aware of the basis for his Rule 60 motion for at least that long. Nonetheless, petitioner did not file his Rule 60 motion until July 14, 2017, less than two weeks before his scheduled execution date. "Given the State's significant interest in enforcing its criminal judgments . . . , there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Nelson v. Campbell*, 541 U.S. 637, 650 (2004).

## V. Conclusion

The Court concludes that petitioner's Rule 60 motion should be construed as a successive petition, and is alternatively without merit because petitioner has not established a fraud on the court or extraordinary circumstances that would justify relief under either Rule 60(d)(3) or Rule 60(b)(6) of the Federal Rules of Civil Procedure. Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure, filed July 14, 2017, (DE 78), is **DISMISSED** for want of jurisdiction. Alternatively, the Motion for Relief from Judgment is **DENIED**;

2. Petitioner's Motion for Stay of Execution, filed July 14, 2017, (DE 75), is also **DISMISSED** for want of jurisdiction. Alternatively, the Motion for Stay of Execution is **DENIED**;

3. No certificate of appealability shall issue in this case, as reasonable jurists could not debate the denial or dismissal of petitioner's motions on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); and

4. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 24th day of July, 2017.

FRED BIERY
UNITED STATES DISTRICT JUDGE